Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*
*and the putative classes*

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JEFFERSON TYLER, on behalf of himself and all other similarly situated individuals,

Plaintiff,

vs.

GOLDEN ROAD MOTOR INN, INC. d/b/a ATLANTIS CASINO RESORT SPA; and DOES 1 through 50, inclusive,

Defendant(s).

Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1) Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.;

2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;

3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250, et seq.;

4) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;

5) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018; and

6) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050.

**LIEN REQUESTED PURSUANT TO NRS 608.050**

**JURY TRIAL DEMANDED**

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

COMES NOW Plaintiff JEFFERSON TYLER ("Plaintiff"), on behalf of himself and all other similarly situated and typical persons, and alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the federal claim alleged under the Fair Credit and Reporting Act ("FCRA") 15 U.S.C. § 1681p which states: "An action to enforce any liability created under [the FCRA] may be brought in any appropriate Unites States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction" within the earlier of "2 years after the date of discovery by the plaintiff or the violation that is the basis for such liability" or "5 years after the date on which the violation that is the basis for such liability occurs."

2. This Court also has original jurisdiction over the federal claim alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

3. This Court has original jurisdiction over the state law claims alleged herein pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because (i) the aggregate amount in controversy for the state law class claims exceeds $5,000,000, (ii) there are more than 100 state law class members, and (iii) at least one state law class member is diverse from Defendant.

4. This Court also has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence (*i.e.*, the failure to properly pay all wages due and owing for

compensable work performed yet unpaid), there is no conflict between the procedures applicable to the FLSA and state law claims, *see Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528-30 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)), and a party seeking to recover unpaid wages has a private right of action pursuant to Nevada Revised Statute ("NRS") Chapter 608*, see Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.,* 133 Nev. 777, 783, 406 P.3d 499, 504 (2017) (recognizing that "The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is consistent with private causes of action for unpaid wages under NRS Chapter 608."); *HG Staffing, LLC v. Second Judicial District Court in and for County of Washoe*, 2020 WL 2306318, at *1 (May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 777, 406 P.3d 499 (2017), we held, by necessary implication, that exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.").

5. Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

6. Plaintiff made a proper demand for wages pursuant to NRS 608.140 on December 2, 2024.

7. Venue is proper in this Court because the Defendant named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Washoe County, Nevada.

**PARTIES**

8. Plaintiff JEFFERSON TYLER is a natural person and a current resident of the state of Nevada who was employed by Defendant within the State of Nevada from on or about April 13, 2023, to on or about July 12, 2024.

9. Defendant GOLDEN ROAD MOTOR INN, INC. d/b/a ATLANTIS CASINO RESORT SPA ("Atlantis" or "Defendant") is a domestic corporation in the State of Nevada with a principal place of business located at 3800 S. Virginia Street, Reno, Nevada 89502.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

10. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Atlantis" herein shall mean "Defendants and each of them."

**FACTUAL ALLEGATIONS**

**A. The Parties**

11. Atlantis is a resort, casino, and spa located in Reno, Nevada, offering "luxurious accommodations, dynamic casino action, award-winning dining, a revitalizing spa and salon and state-of-the-art meeting facilities." *See* https://atlantiscasino.com/resort/information/about-us last visited 9/26/24.

12. Plaintiff was employed by Defendant as a nonexempt, hourly-paid sportsbook writer from on or about April 13, 2023, to on or about July 12, 2024. Plaintiff was earning approximately $13.50 per hour at the time of his separation of employment from Defendant.

13. As a sportsbook writer, Plaintiff interacted with Defendant's customers to facilitate and process race and sportsbook betting by Defendant's customers, including accepting cash, providing change, and cashing out tickets.

14. Plaintiff's regular schedule was three (3) shifts per week at eight (8) hours per shift. However, Plaintiff regularly picked up extra shifts during his employment with Defendant, causing him to work more than forty (40) hours per week on occasion. For example, Plaintiff recalls working more than forty (40) hours in a workweek during or around the beginning of January 2024, the beginning of February 2024, and the beginning of March 2024.

**B. Defendant's Credit Check/Employment Application Policy**

15. The FCRA defines a "consumer report" as follows: "[A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d)(1).

16. Defendant conducted background and credit checks on Plaintiff.

17. Defendant uses the information in background and credit reports to make employment related decisions for Plaintiff and prospective and current employees.

18. Defendant failed to comply with federal mandates for obtaining and using background and credit reports to make employment related decisions for prospective and current employees.

19. Under the FCRA, an employer or prospective employer cannot "procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

20. Defendant routinely violated the FCRA and its core protections by procuring background and credit reports on employees and job applicants without providing a "stand alone" disclosure that a background and credit report would be procured. Instead, Defendant willfully included extraneous information such as a "release of liability" in an effort to shield itself from unlawful acts. *See e.g., Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, at 870 (N.D. Cal., 2015) (*citing* Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998)); *see also Reardon v. ClosetMaid Corp.*, 2013 WL 6231606, at *9 (W.D. Pa., 2013) ("[The] inclusion of a release provision in the Authorization Form … facially violates section 1681b(b)(2)(A)(i)").

21. Plaintiff and all prospective and current employees were required to sign defective background and credit report authorizations prior to being hired. Separate from the background and credit report authorization form, Defendant inconspicuously included a full release of liability

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

for any damages resulting from the release of information obtained through the consumer reports within the middle of a separate document titled "Application Acknowledgment Form", as follows:

> I acknowledge that Atlantis has the right to investigate any other information that it believes is relevant, including but not limited to, employment history, educational background, credit history, character or conviction records. Atlantis may use any research or information service needed for obtaining such information. ***I hereby release all from any liability or damages whatsoever resulting from the release of this information.***

*See* Application Acknowledgment Form (emphasis added), attached hereto as Exhibit 1.

22. In addition to the above acknowledgment and release language, the same page titled "Application Acknowledgment Form" also included: (1) a "Professioal [sic] Image Standard" section requiring that employees "adhere to Dress Code and Appearance Standards"; (2) a "Request for Additional Information" section informing employees that they may be asked to "submit additional information such as Education, Certifications, and Professional References"; (3) an acknowledgment that any misrepresentations in the application "will be sufficient cause for cancellation of [the] application and/or for the separation of [] employment"; (4) at-will employment provisions; and (5) equal opportunity provisions.

23. Upon information and belief, Defendant requires all prospective and current employees to sign such releases.

24. Defendant has willfully and systematically violated 15 U.S.C. § 1681(b)(2)(A) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the FCRA.

25. Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of himself and the class defined below. On behalf of himself and the class, Plaintiff seeks statutory damages, punitive damages, attorney's fees, litigation costs, and all other available relief.

### C. <u>Defendant's Rounding Policy</u>

26. Defendant required Plaintiff and all other similarly situated employees to record their work hours by clocking-in/out of a timekeeping system.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

27. Defendant did not pay Plaintiff and similarly situated employees based upon their clock-in/out "punch" time. Rather, Defendant utilized a rounding system whereby they would round Plaintiff and similarly situated employees' time entries to the nearest 15-minute increment ("Rounding Policy"). For example, if Plaintiff and similarly situated employees were to clock in and begin work at 8:53 a.m., Defendant would round the time entry up to 9:00 a.m.

28. After clocking in early as instructed, Plaintiff would perform pre-shift work activities such as retrieving his daily cash bank from the main vault and collecting drink coupons before returning to his window.[1]

29. Rounding of time is not *per se* illegal, however an employer may violate the overtime pay requirements if the employer's policy averages out over a period of time that results in a failure to compensate the employee properly for all time they have actually worked. *See* 29 C.F.R. § 785.48.

30. Here, Defendant's Rounding Policy was not neutral; it disadvantaged Plaintiff and similarly situated employees in favor of Defendant. Thus, as a result of Defendant's Rounding Policy, Plaintiff and similarly situated employees were denied wages due and owing to them for the work they performed for Defendant.

31. Plaintiff recalls working more than forty (40) hours during the weeks on or around the beginning of January 2024, the beginning of February 2024, and the beginning of March 2024 wherein he would be entitled to overtime compensation pursuant to federal and Nevada state law for time rounded off of his timecard for pay purposes due to Defendant's Rounding Policy.

32. Plaintiff complained to Defendant and Human Resources about not being compensated for having to perform work that was rounded off his timekeeping records. Shortly after his complaint, Plaintiff was terminated from his employment because he was "not a good job fit."

[1] Even in some instances when Plaintiff did not clock in prior to retrieving his cash bank, he was not compensated for this time despite requesting that his time be adjusted to reflect this work time.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

33. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

34. Plaintiff brings this action on behalf of himself and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Rule 23 of the FRCP.

### FLSA Class

35. Plaintiff brings this action on behalf of himself and the following **FLSA Class**:

> **FLSA Rounding Class:** All nonexempt hourly paid employees employed by Defendant who were subject to Defendant's Rounding Policy during the relevant time period alleged herein.

36. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those he seeks to represent for the following reasons, among others:

37. Defendant employed Plaintiff as a non-exempt, hourly-paid employee who did not receive his full wages for all the hours that he worked, and where applicable, overtime premium pay for all hours worked over forty (40) in a workweek.

38. Defendant failed to pay Plaintiff and all other FLSA Class Members for all time they were required to work, but with the knowledge, acquiescence, and/or approval (tacit as well as expressed) of Defendant's managers and agents.

39. Common questions exist as to (1) whether Defendant's Rounding Policy disadvantaged Plaintiff and members of the FLSA Class over time; and (2) whether Defendant failed to pay Plaintiff and FLSA Class members one and one half times their regular rate for all hours worked in excess of forty (40) hours a week as a result of Defendant's Rounding Policy.

40. Upon information and belief, Defendant employs, and has employed, in excess of 100 FLSA Class members within the applicable statute of limitations.

41. Plaintiff has signed a Consent to Sue form, attached hereto as Exhibit 2.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**Nevada Classes and FCRA Class**

42. Plaintiff brings this action on behalf of himself and the following **Nevada Classes**:

**Nevada Rounding Class:** All nonexempt hourly paid employees employed by Defendant who were subject to Defendant's Rounding Policy during the relevant time period alleged herein.

**Continuation Wage Class:** All members of the FLSA and/or Nevada Rounding Class who were employed by Defendant during the relevant time period alleged herein who are no longer employed by Defendant.

43. Plaintiff brings this action on behalf of himself and the following **FCRA Class**:

**FCRA Class**: Any person whom Defendant procured a background report for employment purposes beginning 5 years prior to the filing of the Complaint up to and including the date of judgment.

44. Federal Rule of Civil Procedure ("FRCP") 23 Class action status is appropriate for the Nevada Classes and the FCRA Class in this case for the following reasons:

A. The Classes are Sufficiently Numerous: Upon information and belief, Defendant employs, and has employed, in excess of 100 members of the Nevada Classes and the FCRA Class within the applicable statute of limitations. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of the Nevada Classes and FCRA Class as well as their numerosity.

B. Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiff and members of the Nevada Classes and FCRA Class, including, without limitation:

1) Whether Defendant violated the FCRA by procuring such background reports without a FCRA-compliant disclosure;

2) Whether Defendant's Rounding Policy disadvantaged Plaintiff and members of the Nevada Rounding Class over time;

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

3) Whether Defendant failed to compensate Plaintiff and members of the Nevada Class for all the hours they worked, as a result of Defendant's Rounding Policy; and

4) Whether Plaintiff and members of the Continuation Wage Class can recover continuation wages for Defendant's unlawful wage practices.

C. Plaintiff's Claims are Typical to Those of Fellow Class Members: Each member of the Nevada Classes and FCRA Class is and was subject to the same practices, plans, or policies as Plaintiff: (1) Plaintiff and all FCRA Class Members were required to sign defective background and credit report authorizations prior to being hired; (2) Defendant's Rounding Policy was uniformly applied to Plaintiff and all other members of the Nevada Rounding Class and, thus, Plaintiff's allegation that the Rounding Policy was unlawful applies equally to Plaintiff and all members of the Nevada Rounding Class; and (3) as a result of the federal and state wage-hour violations set forth herein, Plaintiff is a former employee who was not compensated his full wages due and owing at the time of separation of employment..

D. Plaintiff is an Adequate Representative of the Classes: Plaintiff will fairly and adequately represent the interests of members of the Nevada Classes and the FCRA Class because Plaintiff is a member of the Nevada Classes and FCRA Class, he has common issues of law and fact with all members of the Classes, and he does not have any interests antagonistic to the members of the Classes. Plaintiff and his counsel are aware of their fiduciary responsibilities to members of the Nevada Classes and FCRA Class and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the Classes.

E. A Class Action is Superior/Common Claims Predominate: A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

**FIRST CAUSE OF ACTION**

**Procuring Consumer Reports without First Making Proper Disclosures, 15 U.S.C. § 1681(b)(2)(A)**

(On Behalf of Plaintiff and all members of the FCRA Class)

45. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

46. The FCRA defines a "consumer report" as follows: "[A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d)(1).

47. Under the FCRA, an employer or prospective employer cannot "procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

48. Defendant violated the FCRA and its core protections by procuring background and credit reports on employees and job applicants without providing a "stand alone" disclosure that a background and credit report would be procured.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

49. Plaintiff and the FCRA Class have suffered harm through Defendant's deficient background checks in the form of an invasion of privacy and informational injury, as well as an unlawful release of liability.

50. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant's willful conduct is reflected by, inter alia, the following:

(a)     The FCRA was enacted in 1970; Defendant has had over 50 years to become compliant;

(b)     Defendant's conduct is inconsistent with the Federal Trade Commission's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

(c)     Defendant knew or had reason to know that its conduct violated the FCRA;

(d)     Defendant repeatedly and routinely uses the disclosure it used with Plaintiff to procure consumer reports;

(e)     Defendant's inclusion of the policy agreement clearly implies awareness by Defendant that they could be held liable for improperly procuring a consumer report;

(f)     Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(g)     By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

51. Plaintiff and members of the FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

52. Plaintiff and the members of the FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**SECOND CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and all members of the FLSA Rounding Class)

53. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

54. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

55. Once the workday has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

56. By failing to compensate Plaintiff and FLSA Class members any wages for the hours that they unlawfully rounded off of employees' time cards set forth above, Defendant failed to pay Plaintiff and FLSA Class members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. § 207(a)(1).

57. Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

58. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendant pay Plaintiff and FLSA Rounding Class members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a workweek during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**THIRD CAUSE OF ACTION**

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250, et seq.**

(On Behalf of Plaintiff and all members of the Nevada Rounding Class)

59. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

60. NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Plaintiff made a demand for unpaid wages upon Defendant pursuant to NRS 608.140, but satisfactory payment was not received.

61. Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of the section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of the section may bring an action against his or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs."

62. NRS 608.250 provides the following minimum wage rates to be paid, without discount, to all Nevada employees:

> 1. Each employer shall pay to each employee of the employer a wage of not less than:
>
> (a) Beginning July 1, 2019:

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.25 per hour worked.

(b) Beginning July 1, 2020:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.00 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.00 per hour worked.

(c) Beginning July 1, 2021:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.75 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.75 per hour worked.

(d) Beginning July 1, 2022:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.50 per hour worked.

(e) Beginning July 1, 2023:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.25 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.25 per hour worked.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

(f) Beginning July 1, 2024:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.00 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $12.00 per hour worked.

2. It is unlawful for any person to employ, cause to be employed or permit to be employed, or to contract with, cause to be contracted with or permit to be contracted with, any person for a wage less than that established by this section.

63. By failing to compensate Plaintiff and Nevada Rounding Class Members for the time spent engaging work that was rounded off their time for pay purposes, Defendant has failed to pay Plaintiff and the Nevada Rounding Class Members their minimum wages for all hours worked in violation of the Nevada Constitution and NRS 608.250. Indeed, zero dollars ($0) is less than the minimum wage.

64. Wherefore, Plaintiff demands for himself and for all other Nevada Rounding Class Members that Defendant pays Plaintiff and Nevada Rounding Class Members their minimum rate of pay for all hours worked during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

**FOURTH CAUSE OF ACTION**

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiff and all members of the Nevada Rounding Class)

65. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

66. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

67. NRS 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

works. An employer shall not require an employee to work without wages during a trial or break-in period."

68. Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

69. By failing to compensate Plaintiff and Nevada Rounding Class Members for the time spent engaging in work that was rounded off their time for pay purposes, Defendant has failed to pay Plaintiff and the Nevada Rounding Class Members their regular rate wages for all hours worked in violation of NRS 608.016.

70. Wherefore, Plaintiff demands for himself, and for all members of the Nevada Rounding Class, payment by Defendant at their regular rate of pay, or any applicable overtime premium rate, whichever is higher, for all hours worked but not paid during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

**FIFTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

(On Behalf of Plaintiff and all members of the Nevada Rounding Class)

71. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

72. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

73. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate set forth in NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

74. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate set forth in NRS 608.250 works more than 40 hours in any scheduled week of work.

75. By failing to compensate Plaintiff and Nevada Rounding Class Members for the time spent engaging in work that was rounded off their time for pay purposes, Defendant has failed to pay Plaintiff and the Nevada Rounding Class Members their overtime wages for all overtime hours worked in violation of NRS 608.018.

76. Wherefore, Plaintiff demands for himself, and for all members of the Nevada Rounding Class, that Defendant pay Plaintiff and Nevada Rounding Class Members their overtime pay of one and one-half (1 ½) times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

**<u>SIXTH CAUSE OF ACTION</u>**

**Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050**

(On Behalf of Plaintiff and the Continuation Wage Class)

77. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

78. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

79. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

80. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or … [o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

rate from the day the employee resigned, quit or was discharged until paid for 30-days, whichever is less."

81. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

82. By failing to pay Plaintiff and all members of the Continuation Wage Class for all hours worked in violation of federal and state law, Defendant has failed to timely remit all wages due and owing to Plaintiff and all members of the Continuation Wage Class.

83. Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff and all members of the Continuation Wage Class their full wages due and owing to them upon the separation of their employment.

84. Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for Plaintiff and all members of the Continuation Wage Class, together with attorneys' fees, costs, and interest as provided by law.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of all similarly situated and typical individuals, prays for relief as follows relating to his collective and class action allegations:

1. For an order conditionally certifying the action pursuant to the FLSA and providing notice to all members of the FLSA Class so they may participate in the lawsuit;

2. For an order certifying this action as a class action pursuant to Rule 23 of the FRCP on behalf of all members of the Nevada Classes and the FCRA Class;

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

3.     For an order appointing Plaintiff as the Representative of the Classes and his counsel as Class Counsel for the Classes;

4.     For damages according to proof for minimum rate pay for all unpaid hours worked under state law;

5.     For damages according to proof for regular rate pay for all hours worked under both federal and state law;

6.     For damages according to proof for overtime compensation for all overtime hours worked under both federal and state law;

7.     For liquidated damages;

8.     For 60-days of continuation wages pursuant to NRS 608.140 and 608.040-.050;

9.     For statutory and punitive damages as provided by the FCRA;

10.     For interest as provided by law at the maximum legal rate;

11.     For reasonable attorneys' fees authorized by statute;

12.     For costs of suit incurred herein;

13.     For pre-judgment and post-judgment interest, as provided by law; and

14.     For such other and further relief as the Court may deem just and proper.

DATED: December 9, 2024          THIERMAN BUCK

*/s/Joshua D. Buck*
Joshua D. Buck
Leah L. Jones

*Attorneys for Plaintiff*

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**INDEX OF EXHIBITS**

| No. | Name |
|---|---|
| 1 | Application Acknowledgment Form |
| 2 | Jefferson Tyler's Consent to Sue |

- 21 -
COLLECTIVE AND CLASS ACTION COMPLAINT