| | |
|---|---|
| **THIERMAN BUCK** | **SUTTON HAGUE LAW CORPORATIONS, P.C.** |
| Joshua D. Buck, Nev. Bar No. 12187 | S. Brett Sutton, Nev. Bar No. 143107 |
| Leah L. Jones, Nev. Bar No. 13161 | Jared Hague, Nev. Bar No. 251517 |
| 325 W. Liberty Street | 9790 Gateway Drive |
| Reno, Nevada 89501 | Suite 200 |
| Tel. (775) 284-1500 | Reno, Nevada 89521 |
| Fax. (775) 703-5027 | Telephone:  (775) 284-2770 |
| josh@thiermanbuck.com | Fax No.:  (775) 313-9877 |
| leah@thiermanbuck.com | brett@suttonhague.com |
| | jared@suttonhague.com |
| *Attorneys for Plaintiff* | |
| *and the Putative Classes* | *Attorneys for Defendant* |
| | *Golden road Motor, Inn., Inc.* |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFERSON TYLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDEN ROAD MOTOR INN, INC. d/b/a ATLANTIS CASINO RESORT SPA; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 3:24-CV-00565-MMD-CLB<br><br>**ORDER GRANTING STIPULATION TO STAY PROCEEDINGS AND [PROPOSED] ORDER THEREON**<br>  **(FIRST REQUEST)** |

Plaintiff JEFFERSON TYLER ("Plaintiff") and Defendant GOLDEN ROAD MOTOR INN, INC. d/b/a ATLANTIS CASINO RESORT SPA; and DOES 1 through 50, inclusive, ("Defendant" or "Atlantis") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and stipulate to stay the above captioned case up to and including August 7, 2025, pending a scheduled mediation with the Honorable Judge Amy Hogue (Ret.).

The purpose of this stipulation is to promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for itself, counsel, and the litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he

power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Pate v. DePay Orthopedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (internal citations omitted). In evaluating whether to stay proceedings, the Court considers the competing interests of the parties and of the Court, including "'possible damage which may result in granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could expected to result from a stay.'" *Coker v. Dowd*, No. 2:13-cv-0994-JCM-NJK, 2013 WL 12216682, *1 (D. Nev. Jul. 8, 2013) (granting joint motion to stay all proceedings pending mediation), quoting *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

The Parties have scheduled mediation with the Honorable Judge Amy Hogue (Ret.) for August 7, 2025.

Based on the foregoing, the Parties agree that their interests are aligned in seeking to potentially resolve the matter entirely without expending unnecessary litigation costs and efforts, and that neither Plaintiff nor Defendant will be prejudiced by a stay of the proceedings. The Parties also agree that they will each suffer an avoidable hardship – time and money spent litigating – if the matter is required to proceed at this stage considering the Parties' agreement to explore a potential resolution. Lastly, the Parties respectfully submit that staying all proceedings will avoid the waste of judicial resources by simplifying or entirely disposing of the issues in this action. Accordingly, the Parties agree and stipulate that good cause exists to stay all proceedings as requested herein.

The Parties will file a joint status report informing the Court of the outcome of their efforts to resolve Plaintiff's claims within fourteen (14) days of the expiration of this stay, on or before August 21, 2024:

1. Should the Parties reach a settlement of all claims, the Parties will update the Court as to the tentative resolution and set forth a proposed briefing schedule for settlement approval; or

2. Should the Parties be unsuccessful at resolving all claims, the Parties shall inform the Court which, if any, claims were not resolved and propose a scheduling order for the matter to proceed, including an updated Discovery Plan and Scheduling Order.

This stipulation is submitted in good faith to allow the parties to potentially resolve the matter entirely and is not for the purpose of causing any undue delay. This is the first request to stay this case.

Dated: March 24, 2025                           Dated: March 24, 2025

**THIERMAN BUCK**                               **SUTTON HAGUE LAW CORPORATIONS, P.C.**

/s/ Leah L. Jones                               /s/ Jared Hague
Joshua D. Buck, Nev. Bar No. 12187              S. Brett Sutton, Nev. Bar No. 143107
Leah L. Jones, Nev. Bar No. 13161               Jared Hague, Nev. Bar No. 251517
325 W. Liberty Street                           9790 Gateway Drive
Reno, Nevada 89501                              Suite 200
                                                Reno, Nevada 89521

*Attorneys for Plaintiff*
*and the Putative Classes*                      *Attorneys for Defendant*
                                                GOLDEN ROAD MOTOR INN, INC. d/b/a
                                                ATLANTIS CASINO RESORT SPA

**IT IS SO ORDERED.**

**DATED:** March 25, 2025

_____
United States District Judge