**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFERSON TYLER, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDEN ROAD MOTOR INN, INC. d/b/a ATLANTIS CASINO RESORT SPA; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 3:24-cv-565-MMD-CLB<br><br>**ORDER APPROVING COLLECTIVE AND CLASS ACTION SETTLEMENT AND JUDGMENT** |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

The above-referenced putative class action ("Action") having come before the Court on April 6, 2026, for a hearing (ECF No. 31), and this Final Order Approving Class Action Settlement and Judgment ("Court's Final Order and Judgment") consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered January 7, 2026 (ECF No. 26), and as set forth in the Joint Stipulation of Settlement and Release and Addendum thereto, between Plaintiff and Defendant ("Stipulation of Settlement" or "Settlement") in the Action, and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     All terms used herein shall have the same meaning as defined in the Stipulation of Settlement unless an alternate meaning is specifically given within this Order.

- 1 -

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

2.      Consistent with the definitions provided in the Stipulation of Settlement, the term "Class Member" means those individuals who are within the Settlement Class, which includes all non-exempt hourly paid employees employed by Golden Road Motor Inn, Inc., doing business as Atlantis Casino Resort Spa at any time during the Class Period.  The term "Class Member" shall not include any person who submitted a timely and valid Request for Exclusion as provided in the Stipulation of Settlement.  For purposes of the Settlement and the Court's Final Order and Judgment, the term "Class Period" means December 9, 2021, through January 7, 2026, the date the Court granted preliminary approval of this Settlement.   The term "Released Claims" collectively means those claims to be released by the Settlement Class identified in Paragraph 21 of the Stipulation of Settlement.  The term "Class Representative" shall mean Plaintiff Jefferson Tyler.  The term "Class Counsel" shall mean Joshua D. Buck, Esq., and Leah L. Jones, Esq. of Thierman Buck of Reno, Nevada.

3.      This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

4.      Distribution of the Notice directed to the Class Members as set forth in the Stipulation of Settlement and Addendum thereto, and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Stipulation of Settlement and Addendum thereto.  The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.  All Class Members and all Released Claims are covered by and included within the Settlement and the Court's Final Order and Judgment.

5.      The Court hereby finds the Settlement was entered into in good faith.  The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement.

6.      The Court hereby approves the Settlement set forth in the Stipulation of Settlement and Addendum thereto and finds the Settlement is, in all respects, fair, adequate, and reasonable,

- 2 -

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive, arm's-length negotiations. The Court further finds the Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that the Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members. The Court also finds the Class is properly certified as a class for settlement purposes only. The Court also hereby finds there were no objections to the Settlement filed prior to or raised by any person on the record at the Final Approval Hearing that change the Court's decision to approve the Settlement.

7. As of the date of the Court's Final Order and Judgment, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Released Parties. In addition, as of the date of the Court's Final Order and Judgment, each Class Member who has not submitted a valid Request for Exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties relating to the Released Claims.

8. Neither the Settlement nor any of the terms set forth in the Stipulation of Settlement or the Addendum thereto is an admission by the Released Parties, nor is the Court's Final Order and Judgment Dismissing a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties. Neither the Court's Final Order and Judgment, the Stipulation of Settlement and Addendum thereto, nor any document referred to herein, nor any action taken to carry out the Stipulation of Settlement, may be construed as, or may be used as, an admission by or against the Released Parties of any fault, wrongdoing, or liability whatsoever. The entering into or carrying out of the Stipulation of Settlement and Addendum thereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and shall not be offered into evidence in any action or proceeding in any court,

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Stipulation of Settlement, the Addendum thereto, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this Action, or submit in any other proceeding, the Court's Final Order and Judgment, the Stipulation of Settlement and Addendum thereto, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata, collateral estoppel,* release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

9.    The Court hereby enters judgment in the Action, as of the date of entry of the Court's Final Order and Judgment, pursuant to the terms set forth in the Stipulation of Settlement and Addendum thereto. Without affecting the finality of the Court's Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement, and all orders entered in connection therewith.

10.    The Court hereby finds the settlement payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement and Addendum thereto.

11.    The Court also hereby finds and orders that the Settlement is and constitutes a fair, reasonable, and adequate compromise of the Released Claims against the Released Parties.

12.    Pursuant to the terms of the Settlement and Addendum thereto, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $1,300,000.00, and the attorney costs in the amount of $20,179.06, to be deducted and paid from the Maximum Settlement Amount, as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action. The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant

to the terms of the Stipulation of Settlement and transferred and/or made payable to Class Counsel in the Action.

13.    The Court also hereby approves and orders an Enhancement Award to Class Representative Plaintiff Jefferson Tyler in the amount of $30,000.00 in addition to his Settlement Share to be paid from the Maximum Settlement Amount as set forth in the Stipulation of Settlement.

14.    The Court also hereby approves and orders payment from the Class Settlement Amount for actual claims administration expenses incurred by the Claims Administrator, $31,000.00, to be paid from the Maximum Settlement Amount as set forth in the Stipulation of Settlement.

15.    Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

16.    The Parties shall provide the Court with confirmation of the completion of the administration of the Settlement, and setting forth, if any, *cy pres* recipient funds distribution.

17.    Provided the Settlement becomes effective under the terms of the Stipulation of Settlement, the Court also hereby orders that the deadline for mailing the Court-approved Settlement Awards, attorneys' fees and costs, and Enhancement Award is as set forth in the Implementation Schedule within the Preliminary Approval Order.

18.    Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

19.    The Parties are hereby ordered to comply with the terms of the Settlement and Addendum thereto.

/ / /

/ / /

/ / /

- 5 -

20.   This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment as provided by the Settlement and approved by the Court in this Order.

**IT IS SO ORDERED.**

Dated: May 6, 2026.

_____

HONORABLE MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com